**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **PROGRESSIVE NORTHERN INSURANCE COMPANY,** | |
| **Plaintiff,** | |
| **v.** | **Case No. 19-cv-00269-JFH-JFJ** |
| **LUCIANO ENRIQUE ESCOTO, as Personal Representative  of the ESTATE OF GABRIELA TURRADO DE ESCOTO, and LUCY FOOD AND TORTILLA DISTRIPUTORSHIP, INC.,** | |
| **Defendants.** | |

## OPINION AND ORDER

This matter comes before the Court on Plaintiff Progressive Northern Insurance Company's ("Plaintiff") Motion for Judgment on the Pleadings.  Dkt. No. 18.  For the reasons set forth below, the Court grants Plaintiff's Motion.

### I.      BACKGROUND

This case arises from a motor vehicle accident which occurred in the early hours of February 25, 2019 and resulted in the death of Gabriela Turrado de Escoto.  Dkt. No. 1 at 2-3. Mrs. Escoto's husband, Luciano Escoto, reported that prior to the accident, the couple was returning home from dinner when they had an argument.  Dkt. No. 1-1 at 7.  Mrs. Escoto exited the vehicle and began walking home.  *Id.*  According to the Oklahoma Traffic Collision Report, Ms. Escoto was wearing dark clothing and walking in in the middle of the eastbound traffic lane. *Id.*  The roadway had no paved shoulder and no overhead lighting.  *Id.*  At approximately 12:30 a.m. Mrs. Escoto was struck and killed by another vehicle.  *Id.*

Mrs. Escoto's Estate submitted a claim for first-party uninsured/underinsured motorist ("UM/UIM") coverage benefits and medical payments ("medpay") coverage benefits to Plaintiff as a result of Mrs. Escoto's death.[1]  Dkt. No. 1-2 at 2.  Plaintiff asserts that Mrs. Escoto does not fall within the definition of an "insured" under the policy at issue[2] because she was not occupying an insured vehicle at the time of the accident.  It filed this action for declaratory judgment seeking a judicial determination that the underlying accident and Mrs. Escoto's death do not trigger UM/UIM or medpay coverage under the Policy.  *Id.*

The parties filed a Joint Status Report which contained, among others, the following stipulated facts:  (1) on February 25, 2019, there was in effect between Progressive and Lucy Food a policy of commercial automobile insurance, with effective dates of June 7, 2018, to June 7, 2019; (2) the named insured under the Policy, Lucy Foods, is not a natural person, but is an entity which is not a natural person; (3) where, as here, the named insured is a corporation, partnership, organization or any other entity that is not a natural person, the Policy defines "insured" to mean: "any person occupying [an] insured auto, temporary substitute auto, or a trailer while attached to an insured auto;" (4) the Policy defines "occupying" to mean "in, on, entering or exiting;" (5) at the time of her death, Mrs. Escoto was a pedestrian who was struck and killed by a vehicle driven by a non-party to this case; (6) at the time of the underlying accident and her death, Mrs. Escoto was not occupying any vehicle.  Dkt. No. 17 at 2-3.

---

[1] The Estate asserts that the driver whose vehicle struck Mrs. Escoto was negligent, but that the amount of liability coverage available to that driver is insufficient to pay the damages arising from Mrs. Escoto's death.  Dkt. No. 1 at 5 n. 1.

[2] The named insured on the policy under which Mrs. Escoto's Estate seeks UM/UIM and medpay coverage benefits is Lucy Food and Tortilla Distributorship, Inc. ("Lucy Foods").  Dkt. No. 1 at 2-3.  The Estate asserts that prior to the accident, the vehicle in which Mrs. Escoto was a passenger was covered under Lucy Foods' commercial auto insurance policy ("the Policy").  For purposes of its Motion for Judgment on the Pleadings only, Plaintiff does not dispute that prior to the accident, Mr. Escoto was a passenger in a vehicle covered under the Policy.  Dkt. No. 1 at 5 n. 1.

Subsequently, Plaintiff moved for judgment on the pleadings, arguing that there is no coverage available under the Policy  concerning the claims made by Mrs. Escoto's Estate.  Dkt. No. 18 at 6.  Defendants did not file a response to the motion.

## II.    STANDARD

Rule 12(c) motions are evaluated under the same standard that governs Rule 12(b)(6) motions to dismiss.  *Mock v. T.G. & Y. Stores Co.*, 971 F.2d 522, 528 (10th Cir. 1992).  The Court will grant a motion for judgment on the pleadings if the factual allegations in the complaint fail to "state a claim to relief that is plausible on its face," or if an issue of law is dispositive.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see Neitzke v. Williams*, 490 U.S. 319, 326 (1989).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  To satisfy the plausibility requirement, "the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims."  *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

As a general rule, in considering a motion for judgment on the pleadings, a court must either limit its review to the pleadings or, in considering other documents, convert the motion to one seeking summary judgment.  *See* Fed. R. Civ. P. 12(d) ("If, on a motion under . . . 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment.").  Documents attached to the pleadings, however, are subject to full consideration in a court's review of a Rule 12(c) motion.  *Park Univ. Enterprises, Inc. v. Am. Gas. Co. of Reading, PA*, 442 F.3d 1239, 1244 (10th Cir. 2006) (recognizing that

documents attached to the pleadings are exhibits and are to be considered in reviewing a Rule 12(c) motion.).

Moreover, a district court may consider facts subject to judicial notice such as matters of public record without converting a Rule 12(c) motion into a summary judgment motion. *United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007) (a court "may exercise [its] discretion to take judicial notice of publicly-filed records . . . concerning matters that bear directly upon the disposition of the case at hand"); *Van Woudenberg v. Gibson*, 211 F.3d 560, 568 (10th Cir. 2000) ("[T]he court is permitted to take judicial notice of its own files and records, as well as facts which are a matter of public record.").

## III.     DISCUSSION

Under Oklahoma law governing the interpretation of insurance contracts, "[p]arties are at liberty to contract for insurance to cover such risks as they see fit and they are bound by terms of the contract." *Porter v. Oklahoma Farm Bureau Mut. Ins. Co.*, 330 P.3d 511, 515.  "In Oklahoma, the cardinal rule in contract interpretation is to determine and give effect to the intent of the parties." *In re Kaufman*, 37 P.3d 845, 853.  And "courts are not at liberty to rewrite the terms of an insurance contract." *Cranfill v. Aetna Life Ins. Co.*, 49 P.3d 703, 707.  When policy provisions are clear, consistent, and unambiguous, courts "look to the plain and ordinary meaning of the policy language to determine and give effect to the parties' intent." *Porter*, 330 P.3d at 515; Okla. Stat. tit. 15, §§ 152, 154, 160.

In this case, Plaintiff submitted a copy of the Policy with its Complaint.  Dkt. No. 1-3. Under the UM/UIM endorsement of the Policy, where the named insured is a corporation, an "insured" is defined as "any person occupying [an] insured auto, temporary substitute auto; and any person who is entitled to recover damages . . . because of bodily injury sustained by a person

[occupying an insured auto, temporary substitute auto]." Dkt. No. 1-3 at 55. Under the medpay endorsement of the Policy, where the named insured is a corporation, an "insured" is defined as "any person occupying [an] insured auto, temporary substitute auto, or trailer while attached to an insured auto." Dkt. No. 1-3 at 47. Defendants have stipulated to this Policy language. They have also stipulated that Mrs. Escoto was not occupying *any* vehicle at the time of the underlying accident. Dkt. No. 17 at 3.

Therefore, based on the unambiguous language of the Policy and the undisputed facts of the case, the Court finds that the underlying accident and Mrs. Escoto's death do not trigger UM/UIM or medpay coverage under the Policy.[3]

**IT IS THEREFORE ORDERED** that Plaintiff Progressive Northern Insurance Company's Motion for Judgment on the Pleadings [Dkt. No. 18] is **GRANTED**.

Dated this 29th day of September 2020.

JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE

---

[3] While Plaintiff attempts to address the purported equitable basis for compensation alluded to in Defendants' Answer [Dkt. No. 18 at 10-13], Defendants have not asserted a counterclaim for equitable relief. Thus, the only claim before the Court is Plaintiff's claim for declaratory judgement.